UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINALD EDWARD ELLIS,     No. C 10-4197 SI (pr)

    Petitioner,     **ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    v.

VINCE CULLEN, warden,

    Respondent.
                                          /

## INTRODUCTION

Reginald Edward Ellis, apparently a prisoner at San Quentin State Prison at the time he filed this action, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition, exhibits and memorandum of points and authorities in support of the petition submitted in this case present a confused picture. One document helpful to understanding what occurred in state court is the California Court of Appeal opinion, which explains the basics of the case. According to the California Court of Appeal opinion, the following occurred: Ellis pled no contest in Alameda County Superior Court in February 2007 to possession of a firearm by a felon, perjury, possession of a forged driver's license, attempt to file a false instrument, welfare fraud, insurance fraud, and attempted perjury. Most of the charges involved Ellis' use of a false identity. In March 2007, the trial court sentenced Ellis to four years in prison, but suspended execution of sentence and placed him on probation for five years. In December

1  2007, the district attorney filed a petition to revoke Ellis' probation, and alleged that he had

2  committed numerous new crimes.[1] A probation revocation hearing was held in June 2008. At

3  the conclusion of the hearing, the trial court found Ellis to be in violation of his probation. The

4  trial court revoked probation and lifted suspension of the unexecuted four-year prison term

5  imposed in March 2007. Petition, Ex. U, pp. 1-2.[2] Ellis then went to prison.

6        The California Court of Appeal's opinion described what had occurred at the probation

7  revocation hearing:

8        The trial court found that, while on probation, defendant prepared and presented to the National Labor Relations Board (NLRB) falsified court forms purporting to show that he legally changed his name in 1990. The purpose of the forgery was to support his claim that his employer wrongfully terminated him for using a false name on his employment application. In his testimony during the revocation hearing, defendant admitted the documents were false but denied they were submitted for the purpose of misleading the NLRB investigator. The trial court specifically rejected defendant's testimony, concluding that defendant committed perjury during the hearing.

9

10

11

12

13  Petition, Ex. U, p. 2. The appellate court rejected Ellis' argument that the federal Labor

14  Management Relations Act preempted criminal proceedings against him to the extent the

15  revocation proceedings were based on documents submitted to the NLRB. Id. at 3.

16        After the California Court of Appeal affirmed Ellis' conviction, he sought review in the

17  California Supreme Court. That court denied his petition for review. Thereafter, he filed

18  unsuccessful state habeas petitions. He then filed his federal petition for writ of habeas corpus.

19

## DISCUSSION

20

21        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

22  custody pursuant to the judgment of a State court only on the ground that he is in custody in

23

24        [1]It is unclear from the materials what happened with regard to the new crimes, except that one exhibit shows that a 16-count criminal information against Ellis was filed on April 17, 2008. Petition, Ex. D. The present petition concerns the probation revocation proceedings and does not concern those new criminal charges.

25

26

27        [2]Ellis's exhibit package is organized and/or cited in an unusual fashion by him: he refers to the exhibit by the letter on the tab following the document rather than that preceding the document. The court's references conform to the normal practice of referring to the letter on the tab preceding the document to be the exhibit designation for that document. Ellis should follow the normal practice, e.g., the tab for Exhibit "A" should be placed in front of the exhibit A documents.

28

2

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition does not provide enough information for the court to determine whether some of the allegations state cognizable claims for habeas relief. That same lack of information means that the petition would not give respondent fair notice of Ellis' claims, such that he could prepare a meaningful response. Sometimes the court can expect that gaps in the law or facts supporting a claim will be filled in by information provided in appellate briefs from state court that are available to respondent's counsel and usually included as exhibits with the answer to the petition. Here, however, it is not reasonable to expect that state court briefs will clear up the confusion because Ellis' appellate attorney filed a Wende brief, in which he raised no legal issue on appeal and asked the court for an independent review of the record. See People v. Wende, 25 Cal.3d 436 (Cal. 1979). In short, Ellis' claims apparently have never been presented by an attorney; one would expect that the briefs Ellis filed in the state habeas proceedings will be lacking information just as his federal petition does. With that in mind, the court turns to his claims.

The first claim in the petition is labeled as a claim under the Fourteenth Amendment Due Process Clause and alleges: "On July 01, 2007, petitioner was pro per in a civil litigation with his Former employer (NUMMI) exhibits 19, 20, 26 were civil documents in (NUMMI) legal dept. prior to being forwarded to the (NLRB) on August 24, 26, 2007; state has violated Federal law." Petition, p. 6. The allegations do not suggest a due process violation, and certainly not a due process violation in the probation revocation proceedings. The claim must be amended to provide a coherent statement of the facts that would support a claim for a due process violation. The amended petition also must allege with more specificity the particular due process right that allegedly was denied.

The second claim in the petition is labeled, "Federal Jurisdiction Pre-emption; U.S. Code

3

Title 18 Section 1001." Petition, p. 6. This claim is far from clear, but appears to be that prosecution by California for making false statements in an NLRB proceeding is pre-empted by the federal criminal statute that criminalizes making certain false statements "in any matter with the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." 18 U.S.C. § 1001.

The Supremacy Clause of the U.S. Constitution provides that "[t]his Constitution, and the Laws of the United States which shall be made in pursuance thereof . . . shall be the Supreme Law of the Land." U.S. Const. art. VI. Certain state statutes may be invalid if they are irreconcilable with federal law. State criminal laws are very rarely invalidated under the Supremacy Clause, but the possibility of that occurring does exist. See e.g., Pennsylvania v. Nelson, 350 U.S. 497, 518-19 (1956) (concluding that the federal Smith Act preempted the enforceability of the Pennsylvania Sedition Act which proscribed the same conduct). If Ellis is attempting to make a claim that federal law has preempted the field, he needs to explain whether the alleged preemption is based just on 18 U.S.C. § 1001, or on the regulations and statutes regarding the NLRB proceedings and, if the latter, identify the particular regulations and statutes that show such preemption. He also should identify each and every U.S. Supreme Court case that supports his position that a person's statements used in an NLRB proceeding may not be used for purposes of revoking probation in state court criminal proceedings. Citation to the Supreme Court case(s) is critical because habeas relief may not be granted unless the state court's rejection of his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d).

The third claim in the petition is that Ellis received ineffective assistance of counsel at the probation revocation proceeding. Defense counsel allegedly "failed to challenge contract" and failed "to compare civil document dates and N.L.R.B. dates, to verify petitioner['s] testimony." Petition, p. 6. In his amended petition, Ellis must provide a more detailed explanation of what counsel did wrong and what difference it made. See generally Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984) (to prevail on a Sixth Amendment

4

ineffectiveness of counsel claim, defendant must establish (1) that counsel's performance was deficient and fell below an "objective standard of reasonableness" under prevailing professional norms, and (2) that defendant was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.")  Ellis' amended petition needs to explain in more detail what counsel did or failed to do that amounted to deficient performance.  For example, he should identify the particular documents to which he refers, and should explain what counsel would have learned and could have proven if he (a) challenged the "contract," (b) compared the civil document dates, and (c) verified Ellis' testimony.  Ellis also needs to specifically explain how he was prejudiced by counsel's actions or omissions.

Ellis must file an amended petition in which he states every claim for federal habeas relief he wants this court to consider and state the facts in support of each claim.  He should note that this court can only consider claims for violations of a habeas petitioner's rights under the constitution, laws or treaties of the United States, see 28 U.S.C. § 2254(a), and cannot consider claims for violations of state law.

In preparing his amended petition, Ellis also should bear in mind that this court cannot consider a claim unless state court remedies have first been exhausted for that claim. The exhaustion requirement means that he must present each and every claim to the California Supreme Court in a petition for review or in a habeas petition to give that court a fair opportunity to rule on the merits of it before this court can consider the claim.

**CONCLUSION**

For the foregoing reasons, the petition is dismissed with leave to file an amended petition no later than **March 4, 2011**.  The amended petition should have this case caption and case number on the first page and should be clearly marked "Amended Petition."  Failure to file the amended petition by the deadline will result in the dismissal of this action.

5

1 | Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep the court
2 | informed of any change of address and must comply with the court's orders in a timely fashion.
3 | IT IS SO ORDERED.
4 | DATED: January 26, 2011

SUSAN ILLSTON
United States District Judge