UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINALD EDWARD ELLIS,

    Petitioner,

v.

VINCE CULLEN, warden,

    Respondent.

                                      /

No. C 10-4197 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Reginald Edward Ellis, a prisoner at San Quentin State Prison at the time he filed this action, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2008 probation revocation by the Alameda County Superior Court. Pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases, the court reviewed the petition and dismissed it with leave to amend. The complicated procedural background for this case is set out in the order of dismissal with leave to amend, and will not be repeated here. Ellis' amended petition is now before the court for review.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28

U.S.C. § 2243.

In his amended petition, Ellis asserts three claims. First, he contends that the revocation of his probation violated the Supremacy Clause, U.S. Const. art. VI, because California state criminal laws for false statements were preempted by 18 U.S.C. § 1001 and the National Labor Relations Act, so that 18 U.S.C. § 1001 was the exclusive source of any criminal penalty for his allegedly false statements in N.L.R.B. proceedings. Liberally construed, it cannot be said that this claim is patently meritless. It therefore warrants a response.

Second, Ellis contends that the state violated his right to due process "by applying petitioners civil documents in a criminal fashion to justify to the state court that petitioners probation should be revoked and a 4 year sentence be imposed or executed." Amended Petition Memorandum Of Briefing And Arguments, p. 6 (errors in source). He has not identified any authority for the proposition that evidence from civil actions may not be used as the basis for revocation of probation. The second claim (*see id.* at 6-8) is dismissed as legally meritless.

Third, Ellis contends he received ineffective assistance of counsel in three respects. He asserts that counsel failed to object to the introduction of "civil documents" – by which he means documents from his dispute with his former employer – at the probation revocation proceedings. This portion of his ineffective assistance of counsel claim is dismissed because he has not alleged facts showing deficient performance or resulting prejudice.[1] Ellis next asserts that counsel failed to raise the preemption argument discussed above. This portion of the ineffective assistance of counsel claim, like the preemption claim, warrants a response. He finally asserts that counsel failed to investigate some discovery documents that would have shown that the allegedly falsified documents were in the NUMMI legal department before being sent to the N.L.R.B., and that would have corroborated his position that he was obliged to send all the information to the N.L.R.B. A response to this part of his ineffective assistance of counsel

---

[1] His citations that supposedly show the impropriety of using civil evidence in criminal cases do not aid him. He cites to California Civil Code § 47(2), but there is no such section in effect, and he cites to California Evidence Code § 250, which merely defines the term "writing." His citation to "Introduction To English Law" also does not show a basis for counsel to object to the evidence.

claim is necessary because it cannot be said that it is patently meritless.

## CONCLUSION

For the foregoing reasons,

1. The amended petition's Supremacy Clause claim and two of the three ineffective assistance of counsel claims warrant a response.

2. The clerk shall serve by certified mail a copy of the order of dismissal with leave to amend, this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **September 2, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the amended petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 7, 2011**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: June 22, 2011

SUSAN ILLSTON
United States District Judge

3