UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD ELLIS, | No. C 10-4197 SI (pr) |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING** |
| v. | |
| VINCE CULLEN, warden, | |
| Respondent. | |

This is a pro se habeas case in which petitioner Ellis challenges a 2008 probation revocation by the Alameda County Superior Court. The court dismissed several claims and ordered respondents to show cause why the petition should not be granted as to three others. Ellis has moved for an evidentiary hearing.

Petitioner raises three claims, that (1) the revocation of his probation violated the Supremacy Clause, U.S. Const. art. VI, because California state criminal laws for false statements were preempted by 18 U.S.C. § 1001 and the National Labor Relations Act, so that 18 U.S.C. § 1001 was the exclusive source of any criminal penalty for his allegedly false statements in N.L.R.B. proceedings; (2) counsel was ineffective in failing to raise the preemption argument; and (3) counsel was ineffective in failing to investigate some discovery documents that would have shown that the allegedly falsified documents were in the NUMMI legal department before being sent to the N.L.R.B., and that would have corroborated his position that he was obliged to send all the information to the N.L.R.B.

He asserts in the amended petition that these claims were raised and rejected in state court in his direct appeal and in state habeas proceedings. Am. Pet. at 4-5.

A district court may grant a petition challenging a state judgment – as here – on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d). In reviewing the reasonableness of a state court's decision to which § 2254(d)(1) applies, a district court may rely only on the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (holding that new evidence presented at evidentiary hearing cannot be considered in assessing whether state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1)). And of course claims reviewed under § 2254(d)(2) involve, by the terms of that subsection, only the evidence that was presented in state court. In short, a federal court generally is precluded from supplementing the record with facts adduced for the first time at a federal evidentiary hearing when a petitioner's claim has been adjudicated on the merits in state court, as is the case here. See id. at 1399 ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.").

For the above reasons, Ellis' motion for an evidentiary hearing (document number 18 on the docket) is DENIED.

IT IS SO ORDERED.

DATED: August 13, 2012

_____
SUSAN ILLSTON
United States District Judge

2