UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD E. ELLIS,<br><br>    Petitioner,<br><br>  v.<br><br>VINCE CULLEN, Warden,<br><br>    Respondent.<br>_____/ | No. C 10-4197 SI (pr)<br><br>**ORDER DENYING MOTION TO STAY AMENDED PETITION, DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Now before the court for consideration are Petitioner Reginald E. Ellis's pro se petition for writ of habeas corpus concerning his 2008 probation revocation by the Alameda County Superior Court, his request to amend his exhibit list and his motion to stay and abey his petition. For the reasons discussed below, Ellis's request to amend his exhibit list is granted, his motion to stay and abey the petition is denied and the petition for a writ of habeas corpus is denied.

## PROCEDURAL BACKGROUND

On February 8, 2007, Ellis pled no contest to possession of a firearm by a felon, perjury, possession of a forged driver's license, attempt to file a false instrument, welfare fraud, insurance fraud and attempted perjury. Clerk's Transcript (CT) at 7-24. On June 22, 2007, the court sentenced Ellis to four years in prison, suspended the execution of the sentence and placed Ellis on probation for five years. CT at 32-35. One of the conditions of probation was that Ellis obey all the laws of the community and be of good conduct. CT 38.

On December 11, 2007, the Alameda County district attorney filed a criminal complaint

alleging that Ellis had attempted to file false documents on four occasions, Cal. Penal Code § 115(a),[1] counterfeited a seal on two occasions, Cal. Penal Code § 472, committed three counts of forgery, Cal. Penal Code § 470(c), and committed perjury, Cal. Penal Code § 118. CT 84, 147, 286-95. The district attorney filed a petition to revoke Ellis's probation on the ground that he had breached the condition of his probation to obey all laws. At a June 2 and 3, 2008 probation revocation hearing, the trial court found, by a preponderance of the evidence, that Ellis had committed the alleged offenses and, therefore, he had violated his probation. The court revoked Ellis's probation and lifted the suspension of the unexecuted four-year prison sentence. Reporter's Transcript (RT) 94-95.

Ellis, represented by counsel and, in accordance with the "no-merit procedure" outlined in People v. Wende, 25 Cal. 3d 436 (1979), appealed the probation revocation. Ellis raised a Supremacy Clause claim in a pro se supplemental opening brief. On January 22, 2009, the California Court of Appeal, in an unpublished decision, denied the Supremacy Clause claim and affirmed the judgment revoking probation. Respondent's Exs. C and D, People v. Ellis, A121911 (Jan. 22, 2009). On April 15, 2009, the California Supreme Court summarily denied review. Respondent's Ex. E. Ellis filed petitions for a writ of habeas corpus in the California Superior Court, Court of Appeal and Supreme Court, which were all summarily denied.

On September 16, 2010, Ellis filed a federal petition for a writ of habeas corpus. The Court dismissed the petition with leave to amend pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases and, on March 1, 2011, Ellis filed the instant amended petition in which he asserted three claims. On June 22, 2011, the Court issued an Order to Show cause why relief should not be granted on two of those claims: (1) violation of the Supremacy Clause of the United States Constitution on the ground that California state criminal laws were preempted by federal criminal law and the National Labor Relations Act; and (2) ineffective

---

[1] California Penal Code § 115(a) provides: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony."

2

assistance of counsel based on failure to raise the above-mentioned preemption argument at the probation revocation hearing and failure to investigate discovery documents that would have shown that Ellis was not guilty of filing falsified documents.

On November 4, 2011, Respondent filed his answer and, on December 9, 2011, Ellis filed a traverse. On April 11, 2012, Ellis filed a motion to amend his exhibit list (doc. #22), and, on August 30, 2012, Ellis filed a motion to stay and abey his federal petition so that he could exhaust unexhausted claims in state court (doc. #24). Respondent has not filed an opposition to the latter two motions. For good cause appearing, the motion to amend the exhibit list is granted. For the reasons that follow, the Court denies Ellis's motion to stay and abey and denies his petition.

## STATEMENT OF FACTS

At Ellis's probation revocation hearing, the evidence consisted of the preliminary hearing record for the offenses underlying the revocation and additional testimony, primarily from Ellis. The California Court of Appeal stated the facts as follows:

> The trial court found that, while on probation, defendant prepared and presented to the National Labor Relations Board (NLRB) falsified court forms purporting to show that he legally changed his name in 1990. The purpose of the forgery was to support his claim that his employer wrongfully terminated him for using a false name on his employment application. In his testimony during the revocation hearing, defendant admitted the documents were false but denied they were submitted for the purpose of misleading the NLRB investigator. The trial court specifically rejected defendant's testimony, concluding that defendant committed perjury during the hearing.

People v. Ellis, A121911 at 2.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over the petition for writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the challenged judgment occurred in Alameda County, within this judicial district. 28 U.S.C. §§ 84, 2241(d).

3

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). State judicial remedies have been exhausted for the claims presented in the amended petition.

## MOTION TO STAY AND ABEY

Ellis wishes to return to state court to exhaust an unexhausted claim based upon his attorney's failure to investigate a "Federal contract as well as Federal law that was in effect at the time the alleged false documents were sent to the National Labor Relations Bureau (NLRB)." Ellis does not state what defense a federal contract or federal law would have allowed his attorney to argue, but they appear to relate to the ineffective assistance of counsel claim based on failure to argue the preemption claim, which is asserted in this amended petition. If this is the case, the claim Ellis wishes to exhaust has been exhausted and presented in this petition, so that this motion would have to be denied as moot. Even if Ellis has a different defense in mind, he has not stated what it is and the Court does not know of any other possible defense his attorney could have presented. Although a claim of ineffective assistance of counsel is cognizable on habeas review, counsel cannot be held to be ineffective for failing to investigate that which has no relevance to his client's case. See Harrington v. Richter, 131 S. Ct. 770, 789-90 (2011) (counsel need not pursue an investigation that would be fruitless). Ellis's motion must be denied because the claim he wishes to exhaust is either moot or meritless. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (to support motion to stay and abey, unexhausted claim must have merit); Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003) (unexhausted claim must be valid) overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

4

## STANDARD OF REVIEW

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Greene v. Lambert, 288 F.3d 1081, 1088 (9th Cir. 2002). When confronted with such a decision, a federal court should conduct an

5

"independent review of the record" to determine whether the state court's decision was an unreasonable application of clearly established federal law. Himes, 336 F.3d at 853; accord Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004).

When applying these standards, the federal court should review the "last reasoned decision" by the state courts. Avila v. Galaza, 297 F.3d 911, 918 n.6 (9th Cir. 2002). Because the California Supreme Court summarily denied relief on Ellis's habeas petition, the only reasoned state court decision is the California court of appeal's May 21, 2008 denial of Ellis's Supremacy Clause claim.

## DISCUSSION

A. <u>Supremacy Clause Claim</u>

Ellis argues that the revocation of his probation violated the Supremacy Clause, Article VI of the United States Constitution, "because California State Criminal Laws for false statements were preempted by 18 U.S.C. of 1001 [sic] and the National Labor Relations Act, so that 18 U.S.C. & 1001 [sic] was the exclusive source for any criminal penalty for his alleged false statements in the N.L.R.B. proceedings."[2] Traverse at 2.

The Supremacy Clause of the U.S. Constitution provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land." U.S. Const. art. VI. A court presented with a claim of preemption under the Supremacy Clause must assume that Congress did not intend to displace state law. Maryland v. Louisiana, 451 U.S. 725, 746 (1981). In particular, the Supreme Court has held that the historic police powers of the States were not to be superseded by federal law unless there was a clear and manifest statement by Congress. New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655 (1995); Bates v. Dow Agrosciences LLC, 544 U.S. 431, 449 (2005); also see, Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996) ("because

---

[2] Title 18 U.S.C. § 1001(a) prohibits knowing and willful false statements or documents, fraud and the like "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States . . ."

the States are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law causes of action").

In regard to the National Labor Relations Act (NLRA), the Supreme Court has held that there are two types of preemption. Chamber of Commerce of the United States v. Brown, 554 U.S. 60, 65 (2008). The Garmon preemption precludes state interference with the NLRB's interpretation and enforcement of the regulatory scheme established by the NLRA. Id. The Machinists preemption forbids the NLRB and the States from regulating conduct that Congress intended to be unregulated and left to the control of the free play of economic forces. Id.

The Supreme Court has held:

> We have refused to apply the pre-emption doctrine to activity . . . if that activity 'was a merely peripheral concern of the Labor Management Relations Act . . . [or] touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the State of the power to act.

Farmer v. United Brotherhood of Carpenters & Joiners, 430 U.S. 290, 296-97 (1977).

In keeping with this premise, courts have held that federal labor laws do not preempt a state prosecution for violence or threats of violence in a labor dispute, id. at 299-300, or acts of violence that give rise to liability under state law, NLRB v. A. Duie Pyle, Inc., 730 F.2d 119, 125-26 (3rd Cir. 1984).

State criminal laws are very rarely invalidated under the Supremacy Clause, but the possibility of that occurring does exist. See e.g., Pennsylvania v. Nelson, 350 U.S. 497, 518-19 (1956) (concluding that the federal Smith Act preempted the enforceability of the Pennsylvania Sedition Act which proscribed the same conduct). Nelson articulated the three tests used to determine whether federal law has preempted the field to the exclusion of state law: (1) whether the federal regulation was so pervasive as to lead to a reasonable inference that Congress left no room for the states to supplement it, (2) whether the federal regulation touched a field in which federal interest was so dominant that preclusion of state laws might be presumed, and (3) whether enforcement of a state statute would present serious danger of conflict with the administration of a federal program. See id. at 501-06.

Ellis argues that 18 U.S.C. § 1001 was the exclusive source of liability for his filing false documents with the NLRB because NLRB Form 508, which he signed, indicates at the bottom of the page, "Willful false statements on this charge can be punished by fine and imprisonment (U.S. Code, Title 18, Section 1001)." Traverse, Ex. A. However, Ellis offers no authority to support this theory. As indicated above, case law is to the contrary. Further, section 1001 meets none of the tests for preemption elucidated in Nelson. In enacting section 1001, there is no indication that Congress intended to leave no room for the States to prosecute the filing of false documents with public agencies, that the federal interest is so dominant in prosecuting the filing of false documents that the preclusion of state laws must be presumed or that the enforcement of a state statute prohibiting the filing of false documents would present a serious danger of conflict with the administration of a federal program. In short, there is absolutely no authority hinting that section 1001 preempts state criminal laws prohibiting the filing of false documents with public agencies.

The state court of appeal rejected this claim as follows:

> Defendant's supplemental brief contends the NLRB investigation obligated him to submit the documents at issue, as evidence "relevant" to his claim. However, the documents were not evidence that existed prior to the NLRB claim being filed; the trial court found that the documents were prepared by defendant for the purpose of misleading the NLRB. Defendant also argues that the federal Labor Management Relations Act preempts the probation revocation proceeding in this case, apparently to the extent revocation was based on documents submitted to the NLRB. However, we are aware of no authority that, in enacting that statute, Congress intended to prevent the enforcement of state criminal laws of general application in circumstances as those in this case. (See Bates v. Dow Agrosciences LLC, 544 U.S. 431, 449 (2005) ("[i]n areas of traditional state regulation, we assume that a federal statute has not supplanted state law unless Congress has made such an intention 'clear and manifest.'").

People v. Ellis, A121911 at 3.

The reasoning of the state appellate court was not contrary to or an unreasonable application of Supreme Court authority or an unreasonable finding of the facts in light of the evidence presented in the state court proceeding. Therefore, habeas relief on Plaintiff's Supremacy Clause claim is denied.

B. <u>Ineffective Assistance of Counsel</u>

Ellis claims that his trial counsel was ineffective because she failed to raise, at his probation revocation hearing, the preemption claim discussed above and "failed to investigate the states [sic] discovery or challenging [sic] petitioner's contract" which would have shown that the false documents were in his former employer's legal department before Ellis sent them to the NLRB and this would have corroborated Ellis's argument that he was obliged to send this information to the NLRB. Amended Petition at 6; Order to Show Cause at 2.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. <u>Id.</u> In order to prevail on an ineffectiveness of counsel claim, a petitioner must establish two things. First, the petitioner must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. <u>Id.</u> at 687-88. Second, the petitioner must establish that he or she was prejudiced by counsel's deficient performance. <u>Id.</u> at 694.

To show that trial counsel's performance was deficient, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. <u>Id.</u> at 687. The relevant inquiry is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. <u>Babbitt v. Calderon</u>, 151 F.3d 1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

To establish prejudice, the petitioner must show that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable. <u>Id.</u> at 688. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

9

result of the proceeding would have been different; a reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id. at 694.

Ellis's claim based on counsel's failure to present the preemption argument fails because, as discussed above, preemption did not apply to the charge of filing false documents with the NLRB.  Counsel cannot be said to be deficient for failing to present a frivolous defense.  See Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005) (counsel's performance not deficient for failing to raise meritless objection); Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) (failure to take a futile action can never be deficient performance).

Ellis's second claim of ineffective assistance fails for the same reason.  Ellis does not indicate what documents counsel should have investigated that would have proved that Ellis had not falsified the documents he sent to the NLRB.

And, in any event, Ellis cannot prove that counsel's failure to investigate caused him prejudice.  Ellis was charged with violating his probation because he had committed ten offenses.  At a probation revocation hearing, the court need only find, by a preponderance of the evidence, that a defendant committed any one of the offenses charged to revoke probation. People v. Rodriguez, 51 Cal. 3d 437, 441 (1990).  The trial court found that Ellis had committed all the counts with which he was charged, RT 89.  Therefore, even if the court had found Ellis not guilty of submitting false documents to the NLRB, his probation would still have been revoked.

After independently reviewing the record, the Court finds that the state court's decision denying Ellis's ineffective assistance of counsel claim was not an unreasonable application of clearly established federal law.  Accordingly, habeas relief on this claim is denied.

C.    Certificate of Appealability

Further, a Certificate of Appealability is denied.  See Rule 11(a) of the Rules Governing Section 2254 Cases.  Ellis has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Nor has Ellis demonstrated that "reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Ellis may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk is directed to enter Judgment in favor of Respondent and against Ellis, terminate any pending motions as moot and close the file.

## CONCLUSION

For the foregoing reasons, the motion to amend the exhibit list is granted (doc. #22), the motion to stay and abey is denied (doc. #24), and the petition for writ of habeas corpus is denied. The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: October 10, 2012

SUSAN ILLSTON
United States District Judge